

FILED

OCT - 5 2023

CLERK, U.S. DISTRICT CO
NORFOLK VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk* Division

IN THE MATTER OF THE ISSUANCE
OF A CRIMINAL COMPLAINT RE:

MAXIMO ZACARIAS, ISMAEL ALEXIS
MARTINEZ, and BERNACIO SOLARES
RAMON

Case No.: 2:23-mj 194

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT AND ARREST WARRANTS

I, Dustin Hoertt, Special Agent, Drug Enforcement Administration (DEA), Hampton, Virginia, being duly sworn, state the following:

1.      I am a Special Agent with the United States Drug Enforcement Administration (DEA), where I have worked since November 2022.  Before joining the DEA, I was a Special Agent with the Naval Criminal Investigative Service (NCIS) for five and one-half years in Norfolk, Virginia, spending four of those years as a Task Force Agent assigned to the DEA Norfolk, High Intensity Drug Trafficking Area (HIDTA) group.

2.      I have received specialized training regarding the detection and investigation of drug trafficking organizations while with DEA and NCIS.  I have also acquired knowledge regarding these subject areas through my experience by participating in narcotics investigations during my work with DEA and NCIS.

3.      The facts and information contained in this affidavit are based upon my training, knowledge, experience, discussions, and observations with other law enforcement officers.  All observations not personally made by me were relayed to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained

1

during the course of this investigation.  This affidavit contains information necessary to support probable cause and is not intended to include every fact and matter observed by me or known to the Government.

4.      Since November 2018, members of the DEA Hampton Post of Duty, in partnership with DEA Bogota, HSI Norfolk, and Coast Guard Investigative Services, have been investigating maritime smuggling operations based on the Pacific coast of Colombia.  This is part of the Maritime Interdiction program cases worked in joint interagency partnerships with JIATF-South, U.S. Naval Forces, Coast Guard, Homeland Security and its components, and DOJ Maritime and Counternarcotic Operations, and its components through certain US Attorney's office, including the EDVA.

5.      Your affiant is aware that drug trafficking organizations will utilize vessels such as Go-Fast Vessels, hereafter referred to as GFV, to transport multi-hundred-kilogram shipments of narcotics from the west coast of Colombia to awaiting transfer vessels or destinations throughout Central America or Mexico, with the final destination being the United States for distribution.

6.      Your Affiant makes this affidavit in support of an application for an arrest warrant and a criminal complaint charging that on or about September 27, 2023, on board a vessel subject to the jurisdiction of the United States and elsewhere within the jurisdiction of this Court, the defendants Maximo ZACARIAS, Ismael Alexis MARTINEZ, and Bernacio Solares RAMON, did possess with intent to distribute 1000 kilograms or more of a mixture and substance containing a detectible amount of Marihuana, a Schedule I Controlled Substance, in violation of 46 U.S.C. § 70503(a)(1).

7.    Your affiant is aware that this crime may be prosecuted in any district of the United States, and that proper venue lies in the Eastern District of Virginia pursuant to 46 U.S.C. § 70504(b)(2).

## PROBABLE CAUSE IN SUPPORT OF COMPLAINT AND ARREST WARRANTS

8.    On September 27, 2023, while on routine patrol in the Eastern Pacific, a maritime patrol aircraft (MPA) located a target of interest, described as a GFV suspected of illicit maritime activity, reasonably suspected without nationality, and displaying no indicia of nationality, and located in international waters approximately 97 nautical miles southwest of the Malpelo, Columbia.

9.    Tactical control was shifted from JIATF-S to District 11 Coast Guard. The USCGC JAMES (JAM) was patrolling nearby and diverted to intercept the GFV.  USCGC JAMES requested authority from USCG D11 (RADM Andrew M Sugimoto, Commander, Eleventh Coast Guard District), who granted a SNO (Statement of No Objection) to interdict the vessel, that was reasonably suspected of illicit maritime activity.  Pursuant to authority, the JAM launched a helicopter which fired warning shots and disabling fire, rending the GFV disabled.

10.    Then members of the USCGC JAMES boarding team boarded the GFV and identified three members onboard and removed all three persons onboard the GFV for officer safety.

11.    A Master of the GFV, Maximo ZACARIAS, age 42, was later identified and no claim of nationality for the vessel was made. In addition, two crew members, Ismael ALEXIS MARTINEZ, ag 28, and Bernacio SOLARES RAMON, age 30, were identified.

3

12.     The GFV had no physical flag flown, no registration documents, potential registration numbers on the hull (CP01-07-65), no homeport on the hull, and a name on the hull (EL TANQUE).

13.     Based on boarding results and marking on the hull consistent with the Country of CO (Columbia) registration format, US Coast Guard District 11 (Captain James O'Mara, District 11 Response Enforcement Chief) authorized the enactment of US/CO Bilateral Agreement and USCG D11 conducted forms exchange. The Country of CO responded that it could neither confirm nor deny the vessel's nationality. Captain O'Mara then granted an SNO to treat the vessel without nationality.  The vessel satisfied the requirements of 46 U.S.C. §§ 70502, 70502(d), and 70504(a), which defines a vessel without nationality subject to the jurisdiction of the United States and this Court.

14.     Boarding personnel from JAM located and were authorized by USCG D11 to recover seventy-four (74) bales from the GFV containing approximately four thousand six hundred and ten (4,610) pounds (at sea weight) of marihuana, a Schedule I controlled substance. Personnel conducted field tests which yielded positive result for marihuana.  USCG D11 also authorized detention of the three persons found on board with the contraband.  D11 Captain O'Mara authorized sinking the vessel as hazard to navigation.

15.     The JAM shifted from USCG D11 to JIATF-S for tactical command and control (TACON), and all crew members found aboard the GFV were detained for transfer to the Eastern District of Virginia (EDVA), for prosecution in accordance with 46 U.S.C. § 70503(b)(2).

### CONCLUSION

16.     Based upon the above information, your Affiant believes probable cause exists that on or about September 27, 2023, on board a vessel subject to the jurisdiction of the United States

and elsewhere within the jurisdiction of this Court, the defendants Maximo ZACARIAS, Ismael Alexis MARTINEZ, and Bernacio Solares RAMON, did possess with intent to distribute 1000 kilograms or more of a mixture and substance containing a detectible amount of Marihuana, a Schedule I Controlled Substance, in violation of 46 U.S.C. § 70503(a)(1).

Dustin Hoertt, Special Agent
Drug Enforcement Administration

Sworn and subscribed to before me on this 5 day of October 2023.

UNITED STATES MAGISTRATE JUDGE
NORFOLK, VIRGINIA

5